IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:18-cr-106 |
| ) | |
| SAMUEL CARAGAN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
CLARIFY OR MODIFY HIS PROBATION TERMS**

The defendant has filed a motion seeking to clarify or modify the terms of his probation. (ECF No. 33.) More specifically, he seeks to clarify that, under the portion of the judgment stating that he "shall not be employed in any capacity involving set aside or preferential government contracts" (ECF No. 29 at 3), he can nonetheless continue to compete for contracts designated for small businesses, albeit not contracts designed for minority-owned small businesses under the Small Business Administration's 8(a) program.

The government does not take a position on the defendant's motion and instead leaves its resolution to the sound discretion of the Court. On the one hand, the defendant is correct that his offense conduct related to his false statements regarding who actually controlled his business, Karda Enterprises, for purposes of the 8(a) program. Under that program, "small businesses owned and controlled by economically and socially disadvantaged persons are eligible to obtain various kinds of SBA assistance and to receive certain preferences in the award of federal contracts." (ECF No. 9 ¶ 8.) As a result of the defendant's fraudulent conduct, Karda was able to win over $20 million contracts for which it was not, in fact eligible to compete. (*Id.* ¶ 23.) The parties agree that, as a result of his misconduct, the defendant should not be able to

participate in the 8(a) program.

On the other hand, the defendant's offense conduct *also* involved deceiving the Small Business Administration more generally about how Karda actually functioned. In this sense, then, his conduct called into question whether it would be appropriate for him to compete under any SBA set-aside program at to which eligibility turns on honesty in his business dealings. Federal contracts set aside for small businesses fall into this broader category. In order to qualify to compete for such contracts, a business must have fewer than set number of employees, with the specific cap varying by industry. *See* 13 C.F.R. § 121.402. A business typically self-certifies as to its compliance with these standards, either in its required annual submissions or on a procurement-by-procurement basis. *See* 13. C.F.R. § 121.405. Moreover, a business can exceed the relevant cap if it is found to be affiliated with another business, *see* 13 C.F.R. § 121.103(f), or if another entity is found to control it, *see Size Appeal of Par Hawaii Refining, LLC*, No. SIZ-5989, 2019 WL 3064590 at *13 (Mar. 20, 2019) (discussing control). False statements about ownership and control were, of course, central to the fraudulent scheme underlying the defendant's conviction. (*See* ECF No. 9 ¶¶ 15–20.)

In view of the foregoing, the government declines to take a position on the motion. The Court may appropriately exercise its sound discretion as to whether the defendant's years of deceit are sufficient to justify probation conditions that limit his participation in just the 8(a) program or, alternatively, in programs that require honesty about how his business operates. The government further notes that the defendant faces the possibility of suspension and debarment through an ongoing administrative proceeding. (*See* ECF No. 33-1 ¶ 8.) The U.S. Attorney's Office takes no position on the appropriateness of suspension and debarment, which is an administration adjudication wholly collateral to this criminal prosecution.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:           /s/
        Daniel T. Young
        Alan M. Salsbury
        Assistant United States Attorneys
        Virginia State Bar No. 89707 & 15682
        United States Attorney's Office
        101 W. Main Street, Suite 8000
        Norfolk, Virginia 23510
        Office: (757) 441-6331
        Fax: (757) 441-6689
        Email: daniel.young@usdoj.gov
              alan.salsbury@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 3, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record:

By:     /s/

Daniel T. Young
Assistant United States Attorney
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Office: (757) 441-6331
Fax: (757) 441-6689
Email: daniel.young@usdoj.gov